UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | 2:03-cr-0350-LRH-LRL |
| v. | ) | ORDER |
| KEVIN FLEMING, | ) | |
| Defendant. | ) | |

Before the court are defendant Kevin Fleming's ("Fleming") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. ##1537, 1546.[1] Also before the court is the United States of America's ("United States") motion to dismiss Fleming's §2255 motions as untimely. Doc. #1563.

**I.    Facts and Procedural History**

On August 12, 2003, Fleming was indicted on several racketeering charges. Doc. #1. On March 23, 2004, a superseding indictment was issued (Doc. #253), and on April 26, 2005, a second superseding indictment was issued charging Fleming with several counts of violence in aid of racketeering in violation of 18 U.S.C. §1959 and use of a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1) (Doc. #642). Fleming pled guilty to a single count of violence in

---

[1] Refers to the court's docket number.

the aid of racketeering and was sentenced on August 28, 2006, to one hundred sixty-eight (168) months incarceration. Doc. #1195. Fleming did not appeal his sentence.

Subsequently, in July and September 2010, Fleming filed the present motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Doc. ##1537, 1546. Thereafter, the United States filed the present motion to dismiss the motions as untimely. Doc. #1563.

**II.    Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005). However, a petitioner must file his §2255 motion within one year from the date the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1).

A judgment becomes final "upon the expiration of the time during which [petitioner] could have sought review by direct appeal." *United States v. Schartz*, 274 F.3d 1120, 1123 (9th Cir. 2001). If a defendant does not file a direct appeal, the judgment becomes final ten days after entry of judgment. *Id.*; FED. R. APP. P. 4(b)(1).

Here, Fleming was sentenced on August 28, 2006. Doc. #1195. Fleming did not appeal his sentence. Therefore, his sentence and judgment became final ten days later, on September 7, 2006. Fleming did not file his present §2255 motions until July and September 2010, well after the statute of limitations period ended on September 7, 2007. Therefore, the court finds that Flemings' motions are untimely.

Additionally, the court finds that Flemings' §2255 motions are without merit. In his motions for relief, Fleming present a single ground for relief: the United States did not have territorial jurisdiction over the action and underlying crime because it was committed in the State

2

of Nevada. *See* Doc. ##1537, 1546. There is no legal or factual support for this argument. The United States has jurisdiction over federal crimes that take place within the territorial jurisdiction of the United States including the jurisdiction of a specific state. Accordingly, the court shall deny Flemings' motions to vacate, set aside, or correct sentence.

IT IS THEREFORE ORDERED that defendant's motions to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. ##1537, 1546) are DENIED.

IT IS FURTHER ORDERED that the United States' motion to dismiss (Doc. #1563) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE